IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TYRELL WADDELL,                §
                               §
              Plaintiff,       §
                               §
VS.                            §   CIVIL ACTION NO. G-14-170
                               §
EDISON CHOUEST OFFSHORE and    §
CHEVRON USA, INC.,             §
                               §
              Defendants.      §

OPINION AND ORDER OF REMAND

The above referenced cause, alleging negligence and gross
negligence and seeking damages under the Jones Act, 46 U.S.C. §
30104, general maritime law, and the "saving to suitors clause," 28
U.S.C. § 1333, for injuries Plaintiff Tyrell Waddell ("Waddell")
allegedly suffered when he was electrocuted by a defective
electrical relay while working in navigable waters on board a
vessel owned by Defendant Edison Chouest Offshore ("ESO")[1] and
operated by Chevron USA, Inc. ("Chevron"), was filed on April 6,
2014, served on Chevron on April 24, 2014, and removed from the 56th
District Court of Galveston County, Texas by Chevron on May 22,
2014.  Pending before the Court is Waddell's motion to remand
(instrument #8).

It is undisputed that this action was timely removed within
thirty days after the suit was commenced in Texas state court and
that the Federal Courts Jurisdiction and Venue Clarification Act of
2011 was then in effect.

_____

[1] In their response, #13 at p.1, Defendant Island Ventures
II, LLC ("Island Ventures") states that it was incorrectly sued
as Edison Chouest Offshore.

-1-

## Standard of Review

"'Federal courts are courts of limited jurisdiction'"; they possess "'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 133 S. Ct. 1099, 1064 (2013), *quoting Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a) any state court action over which federal courts would have original jurisdiction may be removed from state to federal court. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007; *Guttierez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)("A district court has removal jurisdiction in any case where it has original jurisdiction."). The original jurisdiction for purposes of removal may be federal question jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") or diversity jurisdiction under 28 U.S.C. § 1332(a) (where there is complete diversity of citizenship between the sides and the amount in controversy exceeds the sum of $75,000.00, excluding interest and costs).[2]

---

[2] Section 1332(a) and (c) provide in relevant part,

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

(1) citizens of different States;

(2) citizens of a State and citizens or subjects

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Ford v. Property & Cas. Ins. Co. of Hartford*, No. Civ. A. H-09-1731, 2009 WL 4825222, *2 (S.D. Tex. Dec. 9, 2009).

The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Because removal deprives the state court of an action properly before it, removal raises significant federalism concerns and the statute is therefore to be strictly construed, with any doubt about

─────────────────

> of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States. . . .
>
> (c) For purposes of this section and section 1441 of this title--
>
> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .

the propriety of removal resolved in favor of remand.  *Gutierrez v. Flores*, 543 F.3d 258, 251 (5th Cir. 2008).

## Applicable Law

***Up Until January 6, 2012***

Title 28 U.S.C. § 1333(1) provides, "The district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." "Federal admiralty jurisdiction exists giving a court jurisdiction over a dispute if the tort occurs on navigable waters[3] and the tort bears a significant relationship to

---

[3] For purposes of admiralty jurisdiction, the Supreme Court defined "navigable waters" in *The Daniel Ball*, 77 U.S. 557, 563 (1870):

> Those rivers must be regarded as public navigable rivers in law which are navigable in fact.  And they are navigable in fact when they are used, or are susceptible of being used, in their ordinary condition, as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water.  And they constitute navigable waters of the United States within the meaning of the acts of Congress, in contradistinction from the navigable waters of the States, when they form in their ordinary condition by themselves, or by uniting with other waters, a continued highway over which commerce is or may be carried on with other States or foreign countries in the customary modes in which such commerce is conducted by water.

Subsequently this test has been applied to "all bodies of water, not just rivers, natural as well as artificial." *Sanders*, 861 F.2d at 1377 (In short, then, navigable waters of the United States are those waters capable, in fact, of navigation in interstate travel or commerce, and distinctions between natural and manmade bodies of water are immaterial.").

traditional maritime activity." *Sanders v. Placid Oil Co.*, 861 F.2d 1374, 1376-77 (5th Cir. 1988), *citing Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674 (1982). "[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and connection with maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995), *cited by Venable v. Louisiana Workers' Compensation Corp.*, 740 F.3d 937, 944 (5th Cir. 2013).[4]   For the first prong, the court asks whether the tort occurred on navigable waters or whether injury suffered on land was caused by a vessel on navigable water. *Id., id.*  For the connection prong, the court examines "'the general features of the type of incident involved,' to determine whether the incident has 'a potentially disruptive impact on maritime commerce'" and determines "whether the general character of the activity giving rise to the incident shows a substantial relationship to maritime activity." *Id. [citations omitted]; id.*

_____

[4] To determine if there is a connection to traditional maritime activity, the court must examine whether the general features of the kind of accident involved has a potentially disruptive impact on maritime commerce and whether the general character of the activity giving rise to the incident shows a "substantial relationship to traditional maritime activity." *Grubart*, 513 U.S. at 534.  Traditionally admiralty has provided protection of seamen injured in the service to their vessel. *Taylor v. Kennedy Engine, Inc.*, 861 F.2d 127, 130 (5th Cir. 1988).  *See also Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 1119 (5th Cir. 1995)("Providing compensation for shipboard injuries is a traditional function of the admiralty laws."), *citing Sisson v. Ruby*, 497 U.S. 358, 368-75 (1990).

Traditionally a plaintiff had three possible options for bringing an admiralty or maritime claim: he could bring his suit in admiralty jurisdiction in federal court under the grant of original and exclusive subject matter jurisdiction under § 1333, typically with no right to trial by jury; he could bring a diversity of citizenship claim in a federal district court, with the right to a jury if one party demands it, and he could limit that jurisdiction with a binding forum-selection clause; or he could assert his claim at law (at common law), grounded in tort or contract, under the saving to suitors clause in a state court.[5] *See* 14A Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 3672 (3d ed. 1998).

Also traditionally, the saving to suitors clause referenced in § 1333(1) was interpreted to allow a plaintiff to file admiralty and maritime actions with claims "at law," otherwise exclusively within the jurisdiction of the federal courts in state court. *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1542 (5th Cir. 1991), *citing* 1 S. Friedell, *Benedict On Admiralty*, § 122 (6th ed. 1991). If a plaintiff elected to bring admiralty and maritime claims in state court, the claims could not be removed in the absence of diversity of citizenship unless there was another basis for

_____

[5] Only *in personam* actions may be brought on the common law alternative under the saving to suitors clause (non-admiralty jurisdiction); *in rem* actions against the vessel must be brought exclusively in federal court. 14A Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 3672 (3d ed. 1998).

-6-

jurisdiction besides admiralty.  *In re Eckstein Marine Service, LLC*, 672 F.3d 310, 315-16 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 96 (2012); *see also Morris v. TE Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003)(General maritime law claims saved to suitors, by themselves, are not removable from state court.), *citing Romero Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79 (1959)(*superseded by statute on other grounds*, 45 U.S.C. § 59)("saving to suitors" claims are not removable because maritime claims do not arise under the laws or Constitution or the United States and therefore do not present federal questions.); *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013)(Although federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1331, when a plaintiff files suit with general maritime law claims in state court under the saving to suitors clause, there is no removal jurisdiction unless removal is based on another jurisdictional grant such as diversity of citizenship or an applicable federal statute, such as the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1349, which grants original jurisdiction.), *citing In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991).  Nevertheless, where there was some other basis for federal jurisdiction than admiralty in a suit initiated in state court, e.g., diversity or federal jurisdiction granted under a separate statute,[6] the case is removable.  *Id., citing Tenn. Gas Pipeline v.*

_____

[6] Such as the Outer Continental Shelf Lands Act ("OCSLA") in federal court.

*Houston Cas. Ins.*, 87 F.3d 150, 153 (5th Cir. 1996)(emphasis in original)(the "savings to suitor clause "does not guarantee [plaintiffs] a nonfederal *forum*, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty," such as under a separate statute or diversity jurisdiction).

***2011 Revision of the Removal Statute, 28 U.S.C. § 1441***

The Federal Courts Jurisdiction and Venue Clarification Act of 2011, enacted on December 7, 2011, effective as of January 6, 2012, amended 28 U.S.C. § 1441.  The previous version of § 1441 provided that general maritime claims were not removable absent federal question or diversity jurisdiction and stated in relevant part [emphasis on key portions for the instant dispute added by this Court],

> (a) *Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed, by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right *arising under the Constitution, treaties or laws of the United States* shall be removable without regard to the citizenship or residence of the parties.  *Any other such action* shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

While federal courts have original jurisdiction over maritime and admiralty claims, such claims do not present a federal question

-8-

because they do not "arise under" the Constitution or laws of the United States. *Romero v. Int'l Terminal Operation Co.*, 358 U.S. 354, 367-68 (1959). *See also In re Dutile*, 935 F.2d 61, 62-63 (5th Cir. 1991)(*citing Romero*)(Based on the words in § 1441(a), "Except as otherwise expressly provided by Act of Congress," and in § 1441(b), "founded on a claim or right arising under the Constitution, treaties or laws of the United States," the Fifth Circuit held that (1) maritime claims filed in state court are not removable absent diversity jurisdiction because they do not arise under the Constitution, treaties or laws of the United States, i.e., no federal question jurisdiction]; (2) the old version of § 1441 was an "Act of Congress" that barred removal of such claims, by themselves; and (3) maritime claims are governed by the phrase "any other such action" [one lacking federal question jurisdiction] in § 1441(b), are not removable unless none of the defendants is a citizen of the state in which the action is brought.).  "In other words, the second sentence in subsection (b) established the familiar 'forum-defendant rule' for cases removed on the basis of diversity jurisdiction while incidentally barring removal of admiralty cases." *Hamerly v. Tubal-Cain Maine Services, Inc.*, ___ F. Supp. 2d ___, Civ. A. No. 1:14-CV-130, 2014 WL 5149752, at *2 (E.D. Tex. June 12, 2014).

Thus before the enactment of the Federal Courts Jurisdiction and Venue Clarification Act, it was settled law that to remove a case filed in state court and arising under general maritime law to

federal court, there had to be an independent basis for jurisdiction, e.g., a federal statute granting jurisdiction to federal courts or diversity jurisdiction (with no defendant from the forum state). *See Dutile*, 935 F.2d at 63 ("The practical effect" of § 1441(a) and (b) "is to prevent removal of admiralty claims pursuant to § 1441(a) unless there is complete diversity of citizenship (predicated upon out-of-state defendants.)").

In December 2011, § 1441, under a new title, "Removal of Civil Actions," was revised in relevant part to state as follows:

(a) Generally--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Removal based on diversity of citizenship--

. . . .

(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Thus in the new version the "arising under" language in the prior § 1441(a) has been removed and there is no distinction between claims arising under federal law and "[a]ny other such actions" in §1441(b); rather, the latter provision relates only to removals based on diversity jurisdiction.

The amendment expressly applies only to actions commenced on or after expiration of the 30-day period beginning on the date of

enactment (December 7, 2011), i.e., it expired on January 6, 2012. Pub. L. 112-63, § 105, 125 Stat. 758 (2011).   Moreover it is not retroactive:  Congress stated that the amended § 1446 applies to "any action that is removed from a State court to a United States district court and that had been commenced, within the meaning of State law, on or after such effective date [January 6, 2012]." Pub. L. No. 112-63 § 205, 125 Stat. 758, 764-65 (2011).  "An action or prosecution commenced in State court and removed to Federal court shall be deemed to commence the date the action or prosecution was commenced, within the meaning of State law, in State court." *Id.; see also, e.g., Meeks v. Damillie*, Civ. A. No. 2:11CV253-NBB-JMV, 2013 WL 5464639, at *2 (N.D. Miss. Sept. 30, 2013).

There is an ongoing dispute among the district courts of this Circuit about the effect of the "clarification" (the Fifth Circuit's term, used deliberately, in contrast to "amendment") of the removal statute, which has not still not been resolved by the Fifth Circuit Court of Appeals. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 223 (5th Cir. 2013)(opining that "the updated version is a clarification, as opposed to an amendment, of the original statute").[7]  As discussed below, some courts now permit removal of

_____

[7] *Barker*, although issued in 2013, applied the language of and was decided under the old § 1441(b). *Barker* held that maritime cases "are exempt from removal by the 'saving to suitors' clause of the jurisdictional statute governing admiralty claims [a] and therefore may only be removed when original jurisdiction is based on another jurisdictional grant such as diversity of citizenship."  713 F.3d at 219. The panel observed that the legislative history demonstrates that "the update

a maritime claim filed in state court even where there is no independent basis for jurisdiction such as diversity, while others conclude that the seaman's choice to file in state court under the saving to suitors clause bars removal, in deference to the original Judiciary Act of 1789, which must be respected.   There is also conflict about when an action is "commenced" under Texas law when a new defendant is added to an existing suit.

A key district court decision by the Honorable Gray H. Miller, *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013), found the changes under the Clarification Act to be substantial and denied a motion to remand based on the new § 1441(b) on the grounds that the court now had original jurisdiction over Ryan's general maritime law claims.  *Id.* at 776.  Noting that the previous § 1441(a), limiting removal to claims over which the court had original jurisdiction unless they are barred by an Act of Congress, remained (with both old and new section 1441(a)s referencing "original" jurisdiction), he reasoned that the unambiguous, amended version of § 1441(b) addresses only cases removed on diversity of citizenship.  He emphasized that the two phrases that the Fifth Circuit cited as constituting an Act of Congress limiting removal of general maritime claims, "arising under the Constitution" and "[a]ny other such action," were deleted by the revision.  The "clear and unambiguous" language of Section

---

version is a clarification, as opposed to an amendment, of the original statute."  *Id.* at 223.

1441(b) now bars only removal of claims based on diversity jurisdiction where a defendant is a citizen of the forum state; according to Judge Miller, the revision therefore allowed removal of all claims over which federal district courts have original jurisdiction, including their original jurisdiction over personal injury claims brought under general maritime law pursuant to § 1331(1). *Ryan*, 945 F. Supp. 2d at 778. He concluded that the savings to suitors clause preserves the right of maritime suitors to pursue nonmaritime remedies, but it does not guarantee them a nonfederal forum. *Id.* at 774. *In accord, see, e.g., Perio v. Titan Maritime, LLC*, No. Civ. A. H-13-1754, 2013 WL 5563711, at "10 (S.D. Tex. Oct. 8, 2013); *Wells v. Abe's Boat Rental, Inc.*, Civ. A. No. H-13-1112, 2013 WL 3110322, at *2-4 (S.D. Tex. June 18, 2013); *Provost v. Offshore Service Vessels, LLC*, Civ. A. No. 14-89-SDD-SCR, 2014 WL 2515412, at *3 (M.D. La. June 4, 2014); *Bridges v. Phillips 66 Co.*, Civ. A. 13-477, 2013 WL 6092803, at *4 (M.D. La. Nov. 19, 2012); *Carrigan v. M/V AMC Ambassador*, No. H-13-3208, 2014 WL 358353, at *2 (S.D. Tex. Jan. 31, 2014).

A number of district courts, indeed the majority[8] in the Fifth Circuit, have disagreed with and rejected *Ryan*. *See, e.g., Serigny*

---

[8] *Boudreaux v. Global Offshore Resources, LLC*, No. Civ. A. 14-2507, 2015 WL 419002, at *4-5 (W.D. La. Jan. 30, 2015)("Until the Fifth Circuit definitively decides this issue, I am disinclined to hold that Congress intended to make such a major substantive change to § 1441, which would, in effect, upset centuries of well-established precedent by denying plaintiffs their right to a jury trial.").

*v. Chevron U.S.A., Inc.*, Civ. A. No. 14-0598, 2014 WL 6982213, at
*4(W.D. La. Dec. 9, 2014)("In sum, the undersigned is compelled to
join the growing chorus of district courts that have concluded that
the [Federal Courts Jurisdiction and Venue Clarification Act] did
not upset the long-established rule that general maritime law
claims, saved to suitors, are not removable to federal court,
absent some basis for original federal jurisdiction other than
admiralty. While the undersigned appreciates the argument in favor
of revisiting this enduring principle, any course correction
remains within the exclusive domain of the higher court(s) or
Congress, via explicit legislation."); *Gregoire v. Enterprise
Marine Services, LLC*, ____ F. Supp. 2d ____, No. Civ. A. 14-840,
2014 WL 3866589, at *2-9 (E.D. La. Aug. 6, 2014)(concluding "that
general maritime law claims are not removable under Section 1333 as
part of the original jurisdiction of this court and require an
independent basis of jurisdiction")("28 U.S.C. § 1333 and more than
200 years of precedent" interpreting this statutory grant of
admiralty jurisdiction, "rather than the 2011 amendment to the
removal statute . . . determine the removability" of the
plaintiff's claims; "If state court maritime cases were removable
under Section 1333, the effect would be tantamount to considering
all maritime law claims as part of federal question jurisdiction
under Section 1331, eviscerating the saving to suitors clause and
undermining the holding and policies discussed at length in *Romero*.
As already established, maritime law claims brought under the

saving to suitors clause in state court have traditionally required some other basis of jurisdiction independent of Section 1333 to be removable, supported by practical reasons and sound policy. . . . Congress has not given any indication that it intended to make substantive changes to removal of admiralty matters, and the Fifth Circuit has not indicated otherwise."); *Figueroa*, 28 F. Supp. 3d 677 ("'[Original jurisdiction' evaporated when [the plaintiff' filed his action in state court, making the claims unremovable on the basis of admiralty jurisdiction . . . . This Court finds that requiring an independent jurisdictional basis for removal operates to preserve the right to a jury trial in what would otherwise be an admiralty claim entitled only to a bench trial."); *Rogers v. BBC Chartering America, LLC*, Civ. A. No. 4:13-CV-3741, 2014 WL 819400, at *1 (S.D. Tex. 2014)(holding the 2011 amendment of § 1441 did not change the removability of admiralty claims); *Rutherford v. Breathwite Marine Contractors, Ltd.*, ___ F. Supp. 3d ___, Civ. A. No. 3:13-0312, 2014 WL 6388786, at *4 (S.D. Tex. 2014)("*Ryan* focused on the justification for nonremovability offered in *In re Dutile*, while ignoring precedent suggesting that the 'saving to suitors' clause itself renders such actions non-removable."). *See Romero*, 358 U.S. at 371072 . . . ('the historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal, would be taken away by an expanded view of § 1331, since the saving-clause actions would then be freely removable under § 1441' . . . . Furthermore . . . [t]he Fifth

Circuit has held that the tradition of bench trials on admiralty issues in federal court cannot trump a plaintiff's constitutional right to a jury trial for non-admiralty claims. [citing *Leura v. M/V Alberta*, 635 F.3d 181, 196 (5th Cir. 2011)]"); *Parker v. US Environmental Services, LLC*, Civ. A. No. 3:14-CV-292, 2014 WL 7338850, at *2-6 (S.D. Tex. Dec. 22. 2014)(agreeing with *Rutherford*, *Gregoire*, *Figueroa*, *Alexander*, and *Rogers*). *See also* David W. Robertson and Michael F. Sturley, *Recent Developments in Admiralty and Maritime Law at the National Level and in the Fifth and Eleventh Circuits*, 38 Tulane Maritime L.J. 419, 476-78 (Summer 2014)("We do not believe the Fifth Circuit will agree with the *Ryan* court.")

**Jones Act, 46 U.S.C. § 30104**

"A Jones Act[9] claim is an *in personam* action for a seaman who suffers injury in the course of employment due to negligence of his employer, the vessel owner, or crew members. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001). The Jones Act provides a remedy to personally injured seamen and their survivors

---

[9] Originally designated as 46 U.S.C. app. § 688, on October 6, 2006 the Jones Act was repealed and re-codified by Congress by Public Law 109-304, § 6(c), 120 1510. It is now codified as amended at 46 U.S.C. § 30104, which provides,

A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section.

of compensation for personal injury and/or wrongful death caused by the negligence of the seaman's employer, vessel owner, or crew members.

Generally Jones Act cases are not removable. 28 U.S.C. § 1445(a). *Preston v. Grant Advertising, Inc.*, 375 F.2d 439 (5th Cir. 1967).[10] The Jones Act incorporates the Federal Employees Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, 46 U.S.C. § 30104. Pursuant to 45 U.S.C. § 1445, FELA actions are not removable and its incorporation into the Jones Act results in Jones Act claims not being subject to removal even if the parties are diverse. *See Aarons v. Phillips 66 Co.*, 2015 WL 575358, at *(E.D. La. Feb. 11, 2015)(not considering argument whether the amendments of § 1441 allow removal of general maritime claim on basis of admiralty jurisdiction alone because the presence of Jones Act claim precludes removal under § 1441(c)).

Many district courts, mindful of the established principle that all doubts about the propriety of removal should be resolved in favor of remand, have found the conflicts over the 2011 amendment/revision sufficient to warrant remand. *See, e.g.,* cases remanded until controversy is resolved by Congressional or judicial action: *Parker*, 2014 WL 7338850 at *6; *Hamerly*, 2014 WL 5149752 at

---

[10] As noted, when there is some other basis for original federal jurisdiction other than admiralty, such as diversity of citizenship or a statute, removal is permissible. *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, & n.1 (5th Cir. 1999), *citing inter alia Tennessee Gas*, 87 F.3d at 153-56 & nn. 5&6.

*4-5; *Harbor Docking & Towing Co. LLC v. Rolls Royce Marine North America*, No. 2:14-CV-2487, 2014 WL 6608354, at *3 ("Until the Fifth Circuit, Congress or the Supreme Court determine otherwise, this court will adopt the reasoning previously espoused in this district which exempts from removal maritime claims filed pursuant to the savings to suitors clause absent a separate basis for federal court jurisdiction, i.e., diversity of citizenship."); *Rutherford*, 2014 WL 6388786 at *4-5; *Harold v. Liberty Ins. Underwriters*, Civ. A. No. 14-762, 2014 WL 5801673, at *3-4 (M.D. La. Nov. 7, 2014); *Dyche*, 2014 WL 5473238. at *4-5; *Figueroa*, 2014 WL 2958597, at *4; *Porter v. Great American Ins. Co.*, No. 13-3069, 2014 WL 3385148, at *1 (W.D. La. July 9, 2014).

### Waddell's Motion to Remand (#8)

Noting that this case was removed by Chevron solely on general maritime law, Waddell argues that it provides no basis for removal because (1) the interpretation of the saving to suitors clause in *Romero* and *Barker, inter alia*, requires concurrent federal-state jurisdiction in maritime matters; and (2) any interpretation of the saving to suitors clause permitting removal would be contrary to longstanding jurisprudence establishing the right to a common law remedy, including the right to a jury trial.    *Rogers,* 2014 WL 819400, at *1, and progeny.

Waddell reasons that if a party is able to remove under maritime jurisdiction, the only way a party could proceed on a general maritime claim in state court is if the defendant chooses

not to remove; indeed a claimant would only be allowed a jury trial
if the defendant chose not to remove.  He also claims that the
legislative history of the amendment of § 1441(b) demonstrates that
*Ryan* was wrongly decided.  The House Report[11] makes clear that the
last sentence of § 1441(b) applies to diversity cases, as it always
did before.  There is appropriately no mention of maritime cases
since previously the only application § 1441(b) had to maritime
cases was if an alternate basis for jurisdiction first existed.

Waddell challenges Defendants' reliance on *Ryan*, 2013 WL
1967315, by arguing that *Ryan* errs in the following ways:  (1) *Ryan*
did not reach the issue of whether the "saving to suitors" clause
is an "Act of Congress" prohibiting removal because it guarantees
the common law right of jury and concurrent jurisdiction of state
and federal courts; and (2) it cannot be squared" with Romero*,
Madruga v. Superior Court*, 346 U.S. 556, 560 (1954)(holding that
the "saving to suitors" clause preserved a claimaint's right "to
sue on maritime claims in common law courts."), and *Barker*, all
still good law.

---

[11] The House Report states about § 1441(b),

Proposed paragraph 1441(b) takes the substance of the
last sentence in current subsection 141(a) and places
it within the diversity subsection, as the sentence
moved pertains only to diversity cases.  Proposed
paragraph 1441(b)(2) restates the substance fo the last
sentence of the current subsection 1441(b), which
relates only to diversity.  (The first sentence
currently in subsection 1441(b) is deleted because its
reference to Federal question jurisdiction is addressed
in the first sentence of subsection 1441(a).

In his notice of additional authority (#17), Waddell cites seven new federal cases, including some the Court discussed *supra*, that have held remand is proper because cases cannot be removed based solely on maritime jurisdiction based on the same reasoning as those which the Court summarized *supra*.

### Defendants' Response in Opposition (#13)

As noted, Defendants rely on *Ryan*, 945 F. Supp. 772, which noted that the Fifth Circuit's *Barker* opinion interpreted the previous version of § 1441 and which held that *Barker* did not bar removal of maritime claims under the clear language of the revised statute.  Defendants assert that Waddell relies on "outdated procedure and authorities."

To Waddell's argument that removal here would be "absurd" because he would not be allowed a jury trial, Defendants respond that if Waddell properly preserves this remedy, he may be entitled to a jury trial on his maritime claims in federal court.  See Kenneth G. Engerrand, *Admiralty Jury Trials Reconsidered*, 12 Loy. Mar. L.J. 73, 123 (2013).  While the Supreme Court "has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them.  Nor does any statute of Congress or Rule of Procedure, Civil or Admiralty, for bid jury trials in maritime cases."  *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20 (1963)(holding that when Jones Act claims are joined with closely related admiralty claims, the district court may try all the claims to the jury in the interests of judicial efficiency.).  An admiralty claim may be subject to a jury trial when the importance

of assuring a jury trial overrides historical considerations.  *See,*
*e.g., Luera v. M/V Alberta*, 635 F.3d 181, 183-85 (5th Cir. 2011).[12]
Defendants argue that the 2011 revision of the removal statute
presents an overriding concern.  In sum, (1) Waddell's preservation
of a jury-trial remedy does not entitle him to a nonfederal forum
nor to the right to interfere with Defendants' right to removal,
and (3) Defendants have a right to remove general maritime claims
to this Court.

This Court notes that *Leura* was issued before the enactment of
the 2011 revisions to § 1441.  Moreover, the rule in *Luera* applies
where a claim that has a jury by right is joined with an *in rem*
admiralty claim, both arise from the same set of facts.  The court
in *Leura* allowed both to be tried to a jury for judicial efficiency
and for fair administration of justice, "which override the
historic traditions of trying admiralty claims the bench."  *Id.* at
192.  This Court observes that *Leura* does not guarantee, but only
creates a possibility of a jury trial. More important here is that

---

[12] Defendants observe that in *Luera*, after the district court
tried to a jury both a longshore worker's *in personam* claims
filed under diversity jurisdiction and an *in rem* claim against a
vessel under admiralty jurisdiction after the two were
consolidated into a single case, defendants appealed.  Defendants
then argued that the *in rem* claims were not subject to a jury
trial because they existed only within admiralty jurisdiction and
the plaintiff originally filed those claims in a separate suit.
The Fifth Circuit affirmed the district court, *id.* at p. 94,
opining,

> Without an express prohibition on jury trials in
> admiralty cases, we agree with the Court in *Fitzgerald*
> that concerns of judicial economy and fair
> administration of justice override the historic
> tradition of trying admiralty claims to the bench when
> the claims are closely related.

the Fifth Circuit explicitly limited its holding:  "To be clear, we do not hold today that a plaintiff bringing an *in rem* admiralty claim, **or any other claim brought under admiralty jurisdiction**, has a right to a jury trial.  No statute, rule, or constitutional provision confers such a right,"  635 F.3d at 196 (emphasis added by this Court).  635 F.3d at 196.

In the alternative, if the Court determines that the removal was improper under the 2011 amendments, Defendants argue that Waddell may also be entitled to a jury trial under the Court's diversity jurisdiction.  Plaintiff alleges that he is a citizen of Alabama, that Chevron is a Pennsylvania company that does a substantial amount of business in Texas, and that Island Ventures is organized under the laws of Louisiana, and that he is seeking damages in excess of $75,000.  Notice of Removal, #1, Ex. 1 at pp. 1-2.

Waddell objects that the Notice of Removal does not mention diversity jurisdiction.  *Hasbun v. Pan American Life Ins. Co.*, Cause No. H-13-830, Order Granting Remand (Doc. No. 18, March 28, 2004)(Hittner, J.)(Ex. A to #17)(holding that a failure to mention a basis for removal requires the court to ignore that ground in determining remand); *Barron v. Miraglia*, No. 4:04-CV-376-A, 2004 WL 1933225, at *3 (N.D. Tex. Aug. 30, 2004), *quoting Hinojosa v. Perez*, 214 F. Supp. 2d 703, 707 (S.D. Tex. 2002)(Kazan, J.)("Defendants clearly may not remove on grounds not even obliquely referred to in the Notice of Removal. . . . It would be substantial injustice to allow Defendants to remove a case on one ground and then, when faced with a serious challenge to that

-22-

ground, attempt to justify removal on an entirely different ground.").

The Court agrees. *See Cormier v. Chet Morrison Contractors, LLC*, ___ F. Supp. 3d ___, No. 3:14-CV-208, 2015 WL 507513, (S.D. Tex. Feb. 06, 2015)(Ellison, K.), *citing Hinojosa* and *New Bethlehem Missionary Baptist Church v. Church Mut. Ins. Co.*, No. Civ. A. H-09-3901, 2010 WL 936477, at *3 (S.D. Tex. March 11, 2010)(Werlein, J.). Furthermore, a removing defendant is required to "distinctly and affirmatively allege[] each party's citizenship. *Stafford v. Mobil Oil Corp.*, 945 F.2d 802, 804-05 (5 th Cir. 1991); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). "[W]hen jurisdiction depends upon diverse citizenship[,] the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd of Trustees of Ohio State Univ.*, 195 U.S. 207, 211 (1904). For a corporation a party invoking jurisdiction must allege both the state of incorporation and the principal place of business. 28 U.S.C. § 1332(c). Neither side has alleged a principal place of business for the defendant corporations, and it is the removing parties' burden to do so here.

Furthermore, the black letter rule that   because removal deprives the state court of an action properly before it, removal raises significant federalism concerns and the statute is therefore to be strictly construed, with any doubt about the propriety of

removal resolved in favor of remand. *Gutierrez v. Flores*, 543 F.3d 258, 251 (5th Cir. 2008). The Court has demonstrated the conflict among courts in this Circuit has to the effect of the 2011 amendments to § 1441, as well as both sides' failure to plead properly the citizenship of the Defendant corporations and Defendants' failure to assert diversity jurisdiction in their Notice of Removal. Accordingly, the Court

ORDERS that Waddell's motion to remand this case to 56th District Court of Galveston County, Texas.

**SIGNED** at Houston, Texas, this <u>20th</u> day of <u>March</u>, 2015.

<u>                              </u>
MELINDA HARMON
UNITED STATES DISTRICT JUDGE